OPINION OF THE COURT
Rose McBrien, J.
The defendant was arrested on October 25, 1980 and charged with disorderly conduct (Penal Law, § 240.20), harassment (Penal Law, § 240.25) and resisting arrest (Penal Law, § 205.30). Defendant now moves to dismiss the charge of resisting arrest.
Defendant was arrested by Sergeant Bullock who is and had been a special patrolman at Columbia Presbyterian Medical Center for several years. The issue to be decided is whether the defendant’s resistance of Sergeant Bullock’s arrest is a crime under section 205.30 of the Penal Law.
Section 205.30 of the Penal Law reads as follows: “A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.”
It is thus necessary to determine whether or not Sergeant Bullock is a police officer or peace officer within the *296 meaning of this section. Should Sergeant Bullock not be either a police or peace officer, the charge of resisting arrest must be dismissed.
The People having conceded that Sergeant Bullock is not a police officer, the sole issue to be determined is whether Sergeant Bullock is a peace officer.
From Sergeant Bullock’s testimony and the fact that Columbia Presbyterian Medical Center is a private hospital, it appears that he was appointed as a special patrolman pursuant to subdivision c of section 434a-7.0 of the Administrative Code of the City of New York. Subdivision c reads as follows: “The commissioner, whenever expedient, may on the application of any person or persons, corporation or corporations, showing the necessity therefor, appoint, and swear any number of special patrolmen to do special duty at any place in the city upon the person or persons, corporation or corporations by whom the application shall be made, paying, in advance, such special patrolmen for their services, and upon such special patrolmen, in consideration of their appointment, signing an agreement in writing releasing and waiving all claim whatever against the department and the city for pay, salary or compensation for their services and for all expenses connected therewith; but the special patrolmen so appointed shall be subject to the orders of the commissioner and shall obey the rules and regulations of the department and conform to its general discipline and to such special regulations as may be made and shall during the term of their holding appointment possess all the powers and discharge all the duties of the force, applicable to regular patrolmen.” If Sergeant Bullock has peace officer status some authority must be found which grants peace officer status to special patrolmen appointed pursuant to this subdivision.
The Criminal Procedure Law sets forth 44 persons who have peace officer status (CPL 2.10).*
The only subdivision of CPL 2.10 that deals with special patrolmen being peace officers is subdivision 27. Subdivision 27 of this section grants peace officer status to “New *297 York city special patrolmen appointed by the police commissioner pursuant to subdivision (e) of section 434a-7.0 of the administrative code of the city of New York”. Subdivision e of section 434a-7.0 of the Administrative Code reads as follows: “The commissioner, upon the application of the head of any agency, public authority exercising jurisdiction within the city, or state agency, may appoint and swear any number of officers or employees of such agency or authority to do special duty at any place in the city, on behalf of such agency.' The special patrolmen so appointed shall be subject to the orders of the commissioner and shall obey the rules and regulations of the department and conform to its general discipline and to such special regulations as may be made and shall during the term of their holding appointment possess all the powers and discharge all the duties of a peace officer while in the performance of their official duties.” (Emphasis added.)
Sergeant Bullock does not possess peace officer status under this section since his appointment as a special patrolman was on the application of a corporation, as provided for in subdivision c of section 434a-7.0 and not “upon the application of the head of any agency, public authority exercising jurisdiction within the city, or state agency” as provided for in subdivision e of section 434a-7.0.
This court is unable to find any authority for special patrolmen in private hospitals to be deemed peace officers for the purposes of section 205.30 of the Penal Law.
For some reason, not readily apparent to this court, the Legislature, whether intentionally or by inadvertent omission, distinguished between special patrolmen in public hospitals and those in private hospitals as to their status as peace officers. Although this court believes that such a distinction lacks any rational basis, due to the fact that no matter what type of hospital a special patrolman may work at, he or she has the same responsibilities to his employer and to those members of the public who use such institutions, this court is bound by the Legislature’s decision. As the court in People v Munoz (40 AD2d 337, 338, affd 33 NY2d 998) said: “[i]t is the function of this court to construe, apply and enforce the law as it exists and as settled by precedents of higher courts, even though the result *298 reached may not meet with popular approval, nor even dur own approval. Therefore, although the conclusion reached by the dissent might be a desirable one from the view of law enforcement, the fact is that we cannot make our own rules as cases come along. Until a change in the law is made by the higher courts, we are bound by the law as it exists now, and if it results in guilty persons escaping punishment, that is unfortunate, but, beyond our power to remedy, unless we were to treat binding precedents with disdain.”
Since Sergeant Bullock is neither a police officer nor peace officer, the charge of resisting arrest must be dismissed.

 This section was added to the Criminal Procedure Law on September 1, 1980. This section is therefore applicable to the present case.